NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHNNY D., THERESA H., *Appellants*,

*v.*

DEPARTMENT OF CHILD SAFETY, D.D., *Appellees*.

No. 1 CA-JV 18-0047
FILED 6-21-2018

Appeal from the Superior Court in Navajo County
No.  S0900JD201400019
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

E.M. Hale Law, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant, Johnny D.*

Criss Candelaria Law Office P.C., Concho
By Criss E. Candelaria
*Counsel for Appellant, Theresa H.*

Arizona Attorney General's Office, Mesa
By Ashlee N. Hoffmann
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Jon W. Thompson joined.

---

**B R O W N**, Judge:

¶1        Johnny D. ("Father") and Theresa H. ("Mother") appeal the superior court's order terminating their parental rights to their daughter, D.D ("the child").   For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        At the time of the child's birth in 2016, her older brother ("Brother") was in the custody of the Department of Child Safety ("DCS") as part of these dependency proceedings.  DCS took temporary custody of the child within days of her birth.  DCS then filed a petition alleging the child was dependent as to both parents because the parents were "neglecting the child due to mental illness" and unable to provide her with "appropriate and adequate supervision."  The superior court granted the petition, and ordered DCS to make reasonable efforts to achieve the case plan of family reunification.

¶3        In February 2017, DCS moved to terminate the parents' parental rights to Brother based on Arizona Revised Statutes ("A.R.S.") sections 8-533(B)(3) (mental illness or mental deficiency) and § 8-533(B)(8)(c) (fifteen months' time in care).  Following the May 2017 severance hearing, the superior court terminated the parents' parental rights to Brother on both grounds.

¶4        Several weeks later, DCS filed a motion for termination of the parents' parental rights to the child pursuant to A.R.S. § 8-533(B)(3) (mental illness or mental deficiency) and § 8-533(B)(10) (prior termination of parental rights for the same cause within the last two years).  After a two-day severance hearing, the superior court granted DCS's motion on each ground and determined termination was in the child's best interests. Mother and Father have timely appealed.

## DISCUSSION

¶5 To terminate parental rights, the superior court must find by clear and convincing evidence the existence of at least one of the statutory grounds for termination enumerated in A.R.S. § 8-533(B), and must also find by a preponderance of the evidence that termination is in the child's best interests. Ariz. R.P. Juv. Ct. 66(C); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000). "[W]e view the evidence and reasonable inferences . . . in the light most favorable to sustaining the court's decision." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009). We will affirm the ruling when the termination order is supported by reasonable evidence. *Id.*

¶6 Parental rights may be terminated if "the parent has had parental rights to another child terminated within the preceding two years for the same cause and is currently unable to discharge parental responsibilities due to the same cause." A.R.S. § 8-533(B)(10). "Same cause," as interpreted under the statute refers not to the same statutory ground that supported the prior termination, but "refer[s] to the factual 'cause' that led to the [previous] termination of Appellant's parental rights." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 48, ¶ 11 (App. 2004).

¶7 It is undisputed that the parents' parental rights to Brother were terminated in 2017, which was within two years of the filing date for the petition to terminate parental rights to the child. *See Tanya K. v. Dep't of Child Safety, P.K.*, 240 Ariz. 154, 156, ¶ 6 (App. 2016) (We "measure the 'within the preceding two years' requirement from the date the court terminated the parent's rights to the first child to the date an interested party petitions to terminate the parent's rights to the second child."). Thus, the only issue here is whether reasonable evidence supports the superior court's finding that both terminations were the result of the same factual cause.

¶8 One of the primary factual causes underlying the prior termination was the parents' mental disorders, which resulted in their inability to discharge parental responsibilities and were likely to continue for an indeterminate period. The superior court found that Mother was diagnosed with depressive disorder, anxiety disorder, and learning disorder. The court also found that

> Mother continues to need constant re-direction during
> supervised visitation as regards daily, basic parenting tasks

and has not been able to grasp developmental expectations for the child or what is required of her in order to provide [child] with effective parental care and supervision. Unsupervised visitation between Mother and child needed to be stopped in November, 2016 due to the fact the child was at risk while in Mother's care without supervision. It is unlikely Mother will be able to demonstrate minimally adequate parenting skills in the foreseeable future.

¶9 The court found that Father was diagnosed with obsessive-compulsive disorder, attention deficit hyperactivity disorder, paranoid schizophrenia, manic depression, and bipolar disorder with psychotic features. The court also found

Father continues to need constant re-direction during supervised visitation as regards daily, basic parenting tasks and has not been able to grasp developmental expectations for the child or what is required of him in order to provide the child with effective parental care and supervision. At times during observed visitation, Father presents as paranoid and/or responding to internal stimuli. On or about November, 2016, unsupervised visitation between the Father and child needed to be stopped due to Father placing the child in jeopardy of imminent physical harm and due to Father being significantly deficient in providing for the child's basic day to day needs.

¶10 Regarding the current termination proceeding, the superior court found the prior termination was for the same factual cause—the parents were "unable to discharge parental responsibilities because of mental illness or mental deficiency and there were reasonable grounds to believe that the condition[s] would continue for a prolonged indeterminate period." The court repeated the findings quoted above and added additional details regarding the parent's mental challenges. Evidence was presented indicating that Mother was diagnosed with substance use disorders (alcohol, amphetamine, methamphetamine, and opioid use), severe, in either remission or sustained remission; depressive disorder; a personality disorder, unspecified, compulsive, and histrionic traits; generalized anxiety disorder; and specific learning disorder. Father was diagnosed with substance use disorders (alcohol, amphetamine, and methamphetamine), severe, in either remission or sustained remission; academic or educational problems; paranoid schizophrenia; bipolar, severe with psychotic features; dependent traits; obsessive-compulsive disorder,

4

generalized anxiety disorder; and attention deficit hyperactive disorder. Further, psychological reports and expert testimony were presented outlining in detail the parents' mental health and parenting challenges.

**¶11**        Although the parents generally challenge the sufficiency of the evidence regarding the mental conditions and their inability to parent because of mental conditions, they do not challenge the superior court's finding that their parental rights were previously terminated based on the same factual cause that exists in this case. Moreover, we do not reweigh evidence on appeal. *See Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 16 (App. 2016). Rather, we defer to the court's findings because it "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). On this record, reasonable evidence supports termination under A.R.S. § 8-533(B)(10).[1]

**¶12**        Father contends DCS failed to make diligent efforts to provide appropriate reunification services. *See Mary Lou C.*, 207 Ariz. at 49, ¶ 15 (concluding that before termination pursuant to A.R.S. § 8-533(B)(10), there must be reasonable efforts to provide appropriate reunification services unless it would be futile). The State counters that Father waived this argument by failing to raise it in the superior court proceedings. Father's briefing does not direct us to any portion of the record in which he challenged the adequacy of the services DCS provided. *See* ARCAP 13(a)(7)(B) (appellate briefs must contain "references to the record on appeal where the particular issue was raised and ruled on"). Moreover, numerous minute entries, orders, and severance hearing transcripts confirm the superior court's finding that the parents never challenged the adequacy of services provided or offered by DCS, a finding Father does not address on appeal. He has therefore waived this argument. *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179, ¶ 18 (App. 2014) (explaining that if a parent believes reunification services are inadequate, it is incumbent on the parent to "promptly bring those concerns to the attention of the juvenile court, thereby giving that court a reasonable opportunity to address the matter and ensure that [DCS] was in compliance with its

---

[1]        Because we conclude that reasonable evidence supports the superior court's order based on A.R.S. § 8-533(B)(10), we need not address the other ground for termination. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002).

obligation to provide appropriate reunification services as ordered by that court").

¶13        Father also argues that severance is not in the child's best interests because Father and the child share a bond.  Termination is in the child's best interests if the child will "derive an affirmative benefit from termination or incur a detriment by continuing in the relationship." *Oscar O.*, 209 Ariz. at 334, ¶ 6. "In making the determination, the juvenile court may consider evidence that the child is adoptable or that an existing placement is meeting the needs of the child." *Mario G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 282, 288, ¶ 26 (App. 2011).

¶14        Here, the superior court explained that the child has been placed with a licensed foster home since birth.  The court found that the current placement (where Brother also resides) is providing the child "with a loving and nurturing home environment and . . . she has been thriving in their care."  The court also found that the "[p]lacement is willing to proceed to adoption, which will provide [the child] with the added benefit of stability and permanency."  The record supports these findings.  Thus, the court did not err in finding termination of Father's parental rights is in the child's best interests.

**CONCLUSION**

¶15        For the foregoing reasons, we affirm the superior court's termination of Father and Mother's parental rights.

